IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ELHAM ORAMI,                          )
    Plaintiff,                        )
                             )
        v.                         )          Civil Action No. 3:25cv569 (RCY)
                             )
HENRICO COUNTY POLICE                 )
DIVISION, *et al.*,                   )
    Defendants.                       )
                             )

## MEMORANDUM OPINION

This is a civil rights action brought by *pro se* Plaintiff Elham Orami,[1] wherein Plaintiff alleges that Henrico County police officers violated her civil rights by dismissing her reports of domestic abuse, mishandling evidence, detaining and questioning her during medical treatment following an alleged assault, and pursuing charges against her based on her former husband's account, ultimately causing physical, psychological, and financial harm. The case is before the Court on Henrico County Police Department's ("HCPD") post-removal Motion to Dismiss. The motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant Defendant's Motion to Dismiss.

### I. RELEVANT PROCEDURAL HISTORY

Plaintiff commenced this action in the Circuit Court for the County of Henrico, Virginia on April 29, 2025, by filing a "Notice of Private Tort Claim & Notice of Liability" (herein,

---

[1] The Court acknowledges that Plaintiff subsequently submitted papers in this case under the name Elohim Aura-me. For purposes of this Opinion, the Court maintains the naming appearing on Plaintiff's originally filed Complaint.

"Complaint") against HCPD and four individual HCPD officers.  Compl., ECF No. 1-1.  On July 2, 2025, Plaintiff served HCPD with a summons and copy of the Complaint.  Not. Removal ¶ 2, ECF No. 1.  HCPD removed the action to this Court on July 23, 2025, *id.* ¶ 4, and filed a motion to dismiss on the same date, Mot. Dismiss, ECF No. 2; Mem. Supp. Mot. Dismiss ("Mem. Supp."), ECF No. 3.  Plaintiff filed her opposition on July 28, 2025, Pl.'s Resp., ECF No. 6,  to which HCPD filed a reply on August 4, 2025, Reply, ECF No. 7.[2]

While the Complaint names four individual officers as Defendants in addition to HCPD, the record does not reflect that Plaintiff has served the individual officers in this action, and thus only HCPD is properly before the Court for purposes of the instant Motion to Dismiss.

## II.  STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).  Federal Rule of Civil Procedure 8 only requires that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in

---

[2] Plaintiff also filed two sur-replies without leave of Court:  one on August 15, 2025, and another on August 22, 2025.  *See* ECF Nos. 8, 9.  The Court does not consider these filings because they are improper sur-replies for which Plaintiff failed to obtain leave of Court as required by Local Civil Rule 7(F).

Relatedly, Plaintiff filed a Supplemental Notice of Evidence and Continuing Due Process Violations, ECF No. 10, on August 27, 2025, which the Court has reviewed and determined has no bearing on the instant motion. Indeed, it appears, at least in part, to be wholly unrelated to the matter before this Court, as paragraph 2 discusses grievances with the "Henrico Juvenile and Domestic Relations District Court" and paragraph 3 concerns a "hearing on August 25, 2025" related to a competency evaluation.

order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* (citations omitted). The plaintiff's well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted); *see also Martin*, 980 F.2d at 952.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Labels and conclusions," a "formulaic recitation of the elements," and "naked assertions" without factual enhancement are insufficient. *Id.*

When deciding a motion to dismiss under Rule 12(b)(6), the Court "accept[s] as true the plaintiff's well-pleaded allegations and views all facts and draws all reasonable inferences in the light most favorable to plaintiff." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Such a standard, however, does not require accepting any unreasonable inferences or a plaintiff's legal conclusions. *Id.* Applying these standards, the Court construes the facts in the Complaint, including any attached documents, as follows.

### III. FACTUAL ALLEGATIONS

Plaintiff alleges that several officers with HCPD violated her civil rights during interactions occurring in 2024 and 2025. She contends that, after reporting domestic abuse and related misconduct by her former husband, Henrico police officers repeatedly dismissed her complaints, mishandled evidence she submitted, and subjected her to various forms of mistreatment. Compl.

3–4. Plaintiff further alleges that, on April 1, 2025, officers detained and questioned her while she was receiving medical treatment following an assault by her former husband, and they later pursued charges against her based largely on his account of the incident. *Id*. at 4. According to Plaintiff, these events caused her physical injury, psychological trauma, loss of housing, and reputational harm. *Id.* at 5. Based on these allegations, Plaintiff asserts (as relevant here) claims against HCPD under various federal civil rights statutes and Virginia law.

### IV. ANALYSIS

Defendant argues that dismissal is proper because HCPD is "*non sui juris* and cannot be sued." Mem. Supp. 1, n.1. Plaintiff does not engage this argument in her opposition. *See generally* Pl.'s Resp. The Court agrees that HCPD is an entity that cannot be sued separately from Henrico County; therefore, all claims against HCPD will be dismissed.

"Where a party is neither an individual nor a corporation, the party's capacity to be sued is determined by the law of the state where the federal district court sits." *Mukuna v. Gibson*, 2011 U.S. Dist. LEXIS 95408, at *5 n.2 (E.D. Va. Aug. 25, 2011) (citing Fed. R. Civ. P. 17(b)(3)). "Under Virginia law, which applies in this context, 'an operating division of a governmental entity . . . cannot be sued unless the legislature has vested the operating division with the capacity to be sued.'" *Id.* (quoting *Guerrero v. Deane*, 2010 U.S. Dist. LEXIS 14468, at *17 (E.D. Va. Feb. 19, 2010)). It is well-settled under Virginia law that police departments do not have the capacity to be sued. *See Shumate v. City of Martinsville*, 2016 Va. Unpub. LEXIS 21, at *2, n.2 (Sept. 22, 2016) ("Shumate subsequently conceded that the police department is *non sui juris* and, therefore, an action cannot be maintained against it."); *Lucas v. Henrico Pub. Sch. Bd.*, 2019 U.S. Dist. LEXIS 193385, at **7–8 (E.D. Va. Nov. 6, 2019) ("This Court similarly finds that the claims against HCPD must be dismissed because HCPD does not exist as a separate legal entity from

4

Henrico County and is not capable of being sued.")[3]  Accordingly, the Court will grant HCPD's Motion to Dismiss, and it shall be removed from this action.

### V. CONCLUSION

For the reasons detailed above, Defendant's Motion to Dismiss will be granted.  Provided Plaintiff can demonstrate proper service with respect to the individual Defendants named in the Complaint and/or that good cause exists for an extension of the time to serve them, the matter will proceed accordingly with respect to her remaining claims.

An appropriate Order shall issue.

Date: <u>March 24, 2026</u>
Richmond, Virginia

_____ /s/ _____

Roderick C. Young
United States District Judge

---

[3] *See also Harrison v. Prince William Cnty. Police Dep't*, 640 F. Supp. 2d 688, 711 (E.D. Va. 2009); *Muniz v. Fairfax Cnty. Police Dep't*, 2005 U.S. Dist. LEXIS 48176, at \*2 (E.D. Va. Aug. 2, 2005); *Hearn v. Hudson*, 549 F. Supp. 949, 952 n.1 (W.D. Va. 1982) ("It appears that nothing in Virginia law recognizes municipal police departments as entities separate from their respective municipalities.  Nor does anything in Virginia law support a direct action against a police department as an entity separate from the municipality itself.").